UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH M. ABADIE AND AMY ABADIE | CIVIL ACTION |
| VERSUS | NO. 17-6705 |
| MADERE AND SONS MARINE SERVICES, LLC, DEEP SOUTH OILFIELD CONSTRUCTION, LLC, BRAMMER ENGINEERING, INC., CRAIG GAUTREAUX AND ZURICH AMERICAN INSURANCE CO. | SECTION "S" |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Judgment on the Pleadings (Doc. #16) is **GRANTED** as to striking the jury demand made by defendants, Brammer Engineering, Inc. and Zurich American Insurance Company.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Judgment on the Pleadings (Doc. #16) is **DENIED** as to striking the workers' compensation affirmative defense raised by defendants, Brammer Engineering, Inc. and Zurich American Insurance Company.

**BACKGROUND**

This matter is before the court on a motion for judgment on the pleadings filed by plaintiffs, Joseph and Amy Abadie. Plaintiffs seek an order striking the jury demand made by defendants, Brammer Engineering, Inc. and Zurich American Insurance Company. Plaintiffs also seek an order striking Brammer and Zurich's affirmative defense of workers' compensation tort immunity.

Plaintiffs allege that on July 19, 2016, Joseph was employed by defendants, Madere and Sons Marine Services, LLC and/or Deep South Oilfield Construction, LLC. Joseph was assigned to work as the captain of the M/V MAMMA MIA, a crew boat in navigation owned and operated

1

by Madere and Deep South. Joseph was instructed to sail the M/V MAMMA MIA to a production platform in the Main Pass Block 49 Field in Louisiana state territorial waters. The production platform was owned and operated by Brammer.

When the vessel arrived at the production platform, Joseph was informed by the platform well site supervisor, defendant Craig Gautreaux, that the vessel had to take a tote tank containing liquid oilfield waste and weighting approximately 4,600 pounds from the platform to shore. Joseph advised Gautreaux that the tote take was too big and heavy to be safely offloaded from the production platform onto the M/V MAMMA MIA, but Gautreaux insisted on using the M/V MAMMA MIA to do the job.

Geautreaux operated the production platform's crane to lower the tote tank onto the stern deck of the M/V MAMMA MIA. During the process, the tote tank swung toward the vessel's bow, striking Joseph and pinning him against the bulkhead between the stern deck and the wheelhouse. Joseph alleges that he sustained multiple injuries as a result of the accident, including bruises and abrasions and injuries to his spine, shoulder and connective joints, tissues and nerves.

On July 13, 2017, plaintiffs filed this action against Madere, Deep South, Brammer, Gautreaux and Zurich seeking damages for the injuries Joseph allegedly sustained as a result of the July 19, 2016, accident. Plaintiffs allege that Madere and Deep South are liable for negligence under the Jones Act, 46 U.S.C. § 30104, *et seq.*, and for the unseaworthiness of the M/V MAMMA MIA under the general maritime law. Plaintiffs also allege that Brammer and Gautreaux are liable for negligence under the general maritime law. In the alternative, plaintiffs allege that Joseph was a maritime employee covered by the Longshore and Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq.* Further, plaintiffs allege that Brammer and Gautreaux are liable for Amy's loss of consortium and society. Finally, plaintiffs allege that Zurich is liable as

the insurer of Brammer and Gautreaux. Plaintiffs filed an amended complaint alleging that their claims are maritime claims that arise under Rule 9(h) of the Federal Rules of Civil Procedure.

Brammer and Zurich filed an answer demanding a jury trial. Brammer and Zurich also raise an affirmative defense that Joseph's exclusive remedy against them lies in workers' compensation. Plaintiffs filed a motion for judgment on the pleadings seeking an order striking Brammer and Zurich's jury demand and workers' compensation defense. Plaintiffs argue that they are entitled to a bench trial because they pleaded that their claims arise under this court's admiralty jurisdiction pursuant to Rule 9(h). They also argue that Joseph was not employed by Brammer, thus his remedies against Brammer and its insurer, Zurich, are not limited to workers' compensation.

**ANALYSIS**

**I.     Rule 12(c) of the Federal Rules of Civil Procedure**

A party may move for judgment on the pleadings after an answer has been filed. Fed. R. Civ. P. 12(c). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." Chauvin v. State Farm & Cas. Co., 495 F.3d 232, 237 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n.14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). A district court may consider only the contents of the pleading and

the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

**II.     Plaintiffs' Motion to Strike Brammer and Zurich's Jury Demand**

Plaintiffs argue that Brammer and Zurich's jury demand should be stricken because plaintiffs have designated this case as arising under this court's admiralty jurisdiction pursuant to Rule 9(h). Brammer and Zurich argue that plaintiff has brought state-law negligence claims against them and they are entitled to a jury trial under the Seventh Amendment to the Constitution of the United States.

Rule 9(h) provides:

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

Fed. R. Civ. P. 9(h)(1).

Designating a claim as an admiralty or maritime claim under Rule 9(h) carries with it "numerous and important consequences," particularly with respect to the right to a jury trial. T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc., 702 F.2d 585, 586 (5th Cir. 1983). The United States Court of Appeals for the Fifth Circuit has explained that:

> One of the most important consequences relates to the rules of procedure that will be applied to the case. If a claim is pleaded under diversity jurisdiction, the rules of civil procedure will apply, and the parties will be guaranteed, under the Seventh Amendment, a right to have the claim tried by a jury. If the claim is pleaded under admiralty jurisdiction, however, the plaintiff will invoke those historical procedures traditionally attached to actions in admiralty. One of the historical procedures unique to admiralty is that a suit in admiralty does not carry with it the right to a jury trial. Thus, there is no right

4

> to a jury trial where the complaint contains a statement identifying
> the claim as an admiralty or maritime claim . . . .

Luera v. M/V Alberta, 635 F.3d 181, 188 (5th Cir. 2011) (internal citations and quotations omitted).

Plaintiffs, the masters of their complaint, designated their case as arising under 9(h). Plaintiffs do not allege diversity subject matter jurisdiction under 28 U.S.C. § 1332, or any other basis for jurisdiction, that would ordinarily provide Brammer and Zurich with a right to a jury trial under the Seventh Amendment if there were no 9(h) designation. See Becker v. Tidewater, Inc., 405 F.3d 257, 259 (5th Cir. 2005). Therefore, Brammer and Zurich do not have a constitutionally or statutorily based right to a jury trial. See id. As a result, plaintiffs' motion to strike Brammer and Zurich's jury demand is GRANTED.

## III. Plaintiffs' Motion to Strike Brammer and Zurich's Workers' Compensation Defense

Plaintiffs argue that the workers' compensation defense raised by Brammer and Zurich should be stricken because Joseph was employed by Madere and/or Deep South, not Brammer. Thus, plaintiffs argue that they not limited to the workers' compensation recovery scheme against Brammer and its insurer, Zurich.

Brammer and Zurich argue that it is premature to strike this defense. They contend that Joseph was a borrowed employee of Brammer and it is premature determine whether Joseph was a borrowed employee of Brammer because discovery has not commenced and the borrowed employee analysis is a fact intensive inquiry.

A borrowed servant is considered the employee of the borrowing employer, and is treated as such. Standard Oil Co. v. Anderson, 29 S.Ct. 252 (1909); Denton v. Yazoo & M.V. Ry. Co., 52 S.Ct. 141 (1932). The United States Court of Appeals for the Fifth Circuit has held that the following nine factors must be considered in determining borrowed employee status:

(1) Who had control over the employee and the work he was performing, beyond mere suggestion of details or cooperation?

(2) Whose work was being performed?

(3) Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer?

(4) Did the employee acquiesce in the new work situation?

(5) Did the original employer terminate his relationship with the employee?

(6) Who furnished tools and place for performance?

(7) Was the new employment over a considerable length of time?

(8) Who had the right to discharge the employee?

(9) Who had the obligation to pay the employee?

Billizon v. Conoco, Inc., 993 F.2d 104, 105 (5th Cir. 1993). No one factor is determinative, but control is the "central" issue of borrowed employee status. Melancon v. Amoco Production Co., 834 F.2d 1238, 1245 (5th Cir. 1988), *amended,* 841 F.2d 572 (5th Cir. 1988). "The question of borrowed employee status is a question of law for the district court to determine." Billizon, 993 at 105. However, "in some cases, factual disputes must be resolved before the district court can make its legal determination." Id.

Plaintiffs argue that Joseph was employed by Madere and/or Deep South. On the other hand, Brammer and Zurich argue that Joseph was Brammer's borrowed servant. Discovery in this case is ongoing and there are no facts before the court that would allow it to weigh the factors relevant to the borrowed servant test. Therefore, plaintiffs' motion to strike Brammer and Zurich's workers' compensation defense is DENIED as premature. Plaintiffs may reassert their arguments regarding Brammer and Zurich's workers' compensation defense when discovery is complete.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Judgment on the Pleadings (Doc. #16) is **GRANTED** as to striking the jury demand made by defendants, Brammer Engineering, Inc. and Zurich American Insurance Company.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Judgment on the Pleadings (Doc. #16) is **DENIED** as to striking the workers' compensation affirmative defense raised by defendants, Brammer Engineering, Inc. and Zurich American Insurance Company.

New Orleans, Louisiana, this  13th  day of November, 2017.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**